Marc A. Rapaport, Esq.
Attorney for Plaintiff
350 Fifth Avenue, Suite 4400
New York, New York 10118
Tel. No.: 212-382-1600

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 JUL -3  P 2: 37

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JOSEPH A. SHOUKRY,

                Plaintiff,

-against-

PARSONS CORPORATION, PARSONS INSPECTION
& MAINTENANCE CORPORATION, and NEW JERSEY
STATE MOTOR VEHICLE EMPLOYEES UNION,
LOCAL NO. 518, SERVICE EMPLOYEES
INTERNATIONAL UNION,

                Defendants.

Case No. 07-3094 (WJM)

**COMPLAINT AND
DEMAND FOR
TRIAL BY JURY**

---

Plaintiff, JOSEPH A. SHOUKRY ("Shoukry"), by his attorney, Marc A. Rapaport, Esq. as and for his complaint against Defendants PARSONS CORPORATION, PARSONS INSPECTION & MAINTENANCE CORPORATION, (collectively, "Parsons"), and NEW JERSEY STATE MOTOR VEHICLE EMPLOYEES UNION, LOCAL NO. 518, SERVICE EMPLOYEES INTERNATIONAL UNION ("Local 518"), alleges as follows:

### NATURE OF THE ACTION

1.     This action is brought to remedy damages suffered by Shoukry, due to Local 518's violation of its duty to fairly represent him in his grievance for his wrongful termination under the provisions of the collective bargaining agreement between Local 518 and Parsons, and Parsons' breach of same.

1

## JURISDICTION AND VENUE

2. This is an action arising under the provisions of Section 301 of the Labor Management Relations Act (LMRA), as amended, 29 U.S.C. § 185; and permitting the enforcement of rights derived from § 9(a) of the National Labor Relations Act, 29 U.S.C. § 169 *et seq.*;

3. Jurisdiction is conferred on this Court pursuant to 29 U.S.C. §185, 28 U.S.C. §§ 1331, 1337, 1343, 1345, 1367 and the Federal Rules of Civil Procedure (FRCP), Rule 8(A).

4. Venue is appropriate in the District of New Jersey because the unlawful actions complained of herein occurred within the District of New Jersey, where the defendant, Parsons, employed plaintiff and where Local 518 has their principal place of business.

## THE PARTIES

5. Shoukry is 65 years of age, was born in Egypt, and is of the Muslim faith. He was employed as an Associate Lane Inspector by Parsons in Randolph, New Jersey, from September 2004 until January 2, 2007, the date of his termination.

6. At all times material herein, Shoukry was a member of Local 518.

7. Upon information and belief, Parsons is a corporation, authorized to conduct business in New Jersey, with a place of business located at 3100 Princeton Pike, Bldg 2, Lawrenceville, New Jersey 08648.

8. Upon information and belief, Parsons employs in excess of 11,600 people.

9. At all relevant times, Parsons operated automobile inspection facilities in New Jersey, including but not limited to a facility situated in Randolph, New Jersey. (hereinafter the "Randolph Station").

10. At all times material herein, defendant Local 518, with offices located at 92 Monroe Street, Garfield, New Jersey, is an unincorporated association and labor union, formed and existing for the purpose of collective bargaining and of exclusively representing the interests of its members, at Parsons and elsewhere, including, upon information and belief the members in the certified bargaining unit at Parsons.

## ALLEGATIONS OF FACT

11. At all times material herein, defendants Parsons and Local 518, were parties to a written collective bargaining agreement, styled "PARSONS and SEIU, Local 518 Collective Bargaining Agreement" effective from August 5, 2005 through August 4, 2007. (hereinafter, the "CBA"). A true copy of the CBA is attached hereto as Exhibit "A", and is incorporated herein by reference.

12. At all times material herein, the CBA governed the terms and conditions of Shoukry's employment by Parsons and of other members of Local 518.

13. Shoukry was hired by Parsons in September, 2004, in the title of "Associate Lane Inspector", and he was employed in that title until his involuntary termination in January, 2007.

14. Shoukry was eminently qualified to perform the tasks required of him as an Associate Lane Inspector, having worked in the field of auto mechanics for more than thirty (30) years.

3

15. Shoukry was licensed by the State of New Jersey to inspect automobiles, and during his employment with Parsons, he passed annual audits that were conducted by the State, as well as additional audits that Parsons conducted twice per year.

16. At Parsons, Shoukry was subjected to a work environment that was permeated with hostility toward him, based on his national origin, religion (Islam), and age.

17. The aforesaid hostility and mistreatment that Shoukry endured was tolerated by Parsons' Management.

18. Plaintiff complained to both Parsons and to representatives of Local 518 about the incidents of discrimination, hostility, and verbal abuse that he experienced at the Randolph Station. Instead of taking remedial or protective measures, the supervisors of the Randolph Station and representatives of Local 518 warned him against complaining and arbitrarily refused to address his concerns.

19. Parsons' inaction with respect to Shoukry's complaints resulted in an atmosphere in which employees felt free act out their hostility toward Shoukry based on his age, religion, and national origin. As a consequence, Shoukry was singled out for unfavorable treatment and unjust and unwarranted criticism of his work performance.

20. Coworkers and supervisors subjected Shoukry to derogatory comments that made specific reference to his age, ethnicity and/or religion.

21. The most egregious and memorable remarks endured by Shoukry included: (a) on or about June, 2006, Shoukry was called a "fucking terrorist" by a supervisor; and (b) On December, 12, 2006, Carolyn Cifuentes, who held the title of Deputy Manager of the Randolph Station, called Shoukry a "miserable old man".

22. Shoukry informed Luis Parrilla ("Parilla"), Manager of the Randolph Station, about Ms. Cifuentes' denigrating remarks. Parrilla refused to take an action on behalf of Shoukry. On or about December 13, 2006, Shoukry filed a written complaint of discrimination regarding Ms. Cifuentes with Diane Congaelosi, who was then the Region Manager for Parsons.

23. On December 16, 2006, a vehicle malfunctioned while it was being inspected by Shoukry. Although the subject vehicle lightly tapped the vehicle that was ahead of it in the lane, there was no damage because of Shoukry's responsive action.

24. Robert Velotti, a Shop Steward with Local 518, prepared a written incident report in which he: (a) praised Shoukry for "acting quickly and responsibly;" and (b) ruled out any negligence on the part of Shoukry, stating "In know [sic] way at all was this employee negligence but very quick responsive action by Joe Shoukry".

25. On December 16, 2006, Shoukry received notice from Parsons that as a result of the incident involving the vehicle, he had been placed on an "Unpaid Investigatory Leave of Absence" until December 21, 2006.

26. Despite Mr. Velotti's finding that Shoukry was not at fault, Parsons seized upon the incident of December 16, 2006, as a pretext for terminating Shoukry's employment. Shoukry was treated differently than other Parsons employees who were involved in similar incidents. The real reasons for the discharge of Shoukry from his job were his age, national origin, religion, and retaliation for the complaint of discrimination that he had made three days prior to the incident.

27. Subsequently, Parsons challenged Shoukry's claim for unemployment compensation. After a hearing, an Appeals Examiner with the New Jersey Department of

Labor determined that Shoukry was not negligent in the performance of his duties, and, consequently, that Shoukry was entitled to unemployment benefits.

28. Since his termination, Shoukry has applied for similar jobs but has been unable to secure employment.

29. Shoukry grieved his termination.

30. Despite Shoukry's request that his termination be arbitrated pursuant to Article XIV of the CBA, the union refused to take the grievance of Shoukry's termination to arbitration. In a written notice dated February 7, 2007, Local 518 informed Shoukry that its Judiciary Committee had "voted not to send [Shoukry's] case to arbitration."

31. A copy of the Union's notice to Shoukry, dated February 7, 2007, is annexed hereto as Exhibit B.

32. On or about May 9, 2007, Shoukry filed a charge of discrimination (hereinafter the "Charge") with the EEOC, alleging: (a) age discrimination under the Age Discrimination in Employment Act; (b) discrimination based on religion; (c) discrimination based on national origin; and (d) termination of his employment in retaliation for his written complaint of discrimination.

33. Upon information and belief, Shoukry's charge was also filed with the New Jersey Division on Human Rights.

34. Shoukry's charge is still pending with the EEOC, and, upon information and belief, the EEOC is performing an investigation.

35. Shoukry reserves his right with the permission of the Court to amend this complaint to include his discrimination claims once the EEOC issues the requisite right to sue letter.

## FIRST CAUSE OF ACTION

(Breach of Contract against Parsons)

36. Plaintiff hereby incorporates paragraphs 1 through 35 as though fully set forth herein.

37. The provisions of the CBA require Parsons to have "just and sufficient cause" to discipline, including discharge, its employees who are covered under the CBA (CBA, Article XI, Exhibit A).

38. Shoukry is a covered employee under the CBA. (CBA, Article I, Exhibit A).

39. When Parsons summarily terminated plaintiff's employment, it did so without just cause in violation of the CBA.

40. Parsons has breached the provisions of the CBA.

41. As a direct and proximate result of the breach of the CBA by Parsons, Shoukry has been damaged by the loss of his employment through the acts of Parsons.

42. Shoukry has been damaged in a sum which he would have earned from such employment had Parsons not wrongfully terminated him.

43. Shoukry has been damaged by reasons of losing salary, seniority, fringe and other benefits to which he was entitled under the CBA. The exact amount of damages Shoukry suffered cannot yet be ascertained and will be determined at trial.

44. As a direct and proximate result of Parsons' breach of the CBA, as herein alleged, Shoukry has suffered great physical hardship and has sustained severe and continuous emotional distress, and is entitled to damages in an amount to be determined at trial.

45. Parsons' wrongful termination of Shoukry's employment as herein alleged, was malicious and was designed to injure Shoukry and to intimidate and coerce other Parsons employees so as to cause them to forego rights guaranteed them by the CBA.

46. By reason of Parsons' malicious conduct, and because this action is brought to preserve and extend the right of all employees of Parsons, Shoukry is entitled to an award of reasonable attorneys fees, litigation costs and to exemplary or punitive damages in a sum in excess of $75,000.

47. Shoukry has exhausted all internal employer remedies provided for in the CBA prior to bringing this action; any further exhaustion of such internal remedies with respect to the termination of his employment has been waived by Parsons, or would be futile.

48. Shoukry has no plain, speedy or adequate remedy at law for the wrongs alleged herein.

## SECOND CAUSE OF ACTION

(Breach of Duty of Fair Representation by Local 518)

49. Plaintiff hereby incorporates paragraphs 1 through 48 as though fully set forth herein.

50. Shoukry is excused from any requirement that he exhaust intra-union remedies as a condition precedent to the bringing of this lawsuit for the reason that local 518, its attorney or any union official, called no such intra-union remedy to his attention. Upon information and belief, there is no such intra-union remedy.

51. Shoukry is excused from any requirement that he exhaust intra-union remedies as a condition precedent to the bringing of this lawsuit for the reason that there is no understandable procedure available to him and, thus, is not reasonably calculated to redress the particular grievance he complains of.

52. Any attempt by Shoukry to exhaust intra-union remedies would have been futile by reasons of the following facts: Shoukry received his notice of termination on or about January 2, 2007. He filed a written grievance in accordance with the provisions of the CBA, Article IX (Exhibit A), on January 3, 2007.

53. Under Article IX of the CBA1 (Exhibit A), Parsons was to respond to the grievance, within 10 days by January 13, 2007.

54. Shoukry was not notified of the date on which Parsons responded.

55. Under Article XIX of the CBA (Exhibit A), the Union must have given written notice to Parsons of its desire to submit the grievance to arbitration, within 30 days of Parons' response by February 13, 2007.

56. Shoukry received written notice that Local 518 refused to submit the grievance to arbitration by a notice from Local 518 in mid-February, 2007, beyond the date for serving written notice of its intent to arbitrate.

57. Even if plaintiff had succeeded, through intra-union appeals procedures, in reversing Local 518's determination not to take his grievance to arbitration, the request for arbitration would have been rejected by Parsons as untimely, and plaintiff could not obtain a reinstatement and back pay.

9

58. Local 518's decision not to arbitrate Shoukry's grievance was arbitrary, discriminatory and in bad faith, and was motivated by pervasive animus toward Shoukry based on his age, religion and national origin.

59. As a direct and proximate result of this breach by Local 518 of its duty to fairly represent Shoukry, as herein alleged, Shoukry has been damaged by the loss of his employment by Parsons and has been damaged in a sum equal to that which he would have earned from such employment had Parsons not wrongfully terminated him.

60. Thus Shoukry is entitled to recover lost salary, seniority, fringe and other benefits to which he was entitled under CBA.

61. The exact amount of damages suffered by plaintiff cannot be ascertained, and shall be determined at trial.

62. As a direct and proximate result of the breach by Local 518 of its duty to fairly represent Shoukry, as herein alleged, plaintiff has suffered grave physical hardship and has sustained severe and continuous emotional distress, to his general damage in the sum in excess of $75,000.

63. The breach by Local 518 of its duty to fairly represent Shoukry as herein alleged, was malicious and was designed to injure Shoukry, to create hardship for him and to intimidate and coerce other members of Local 518 so as to cause them to forgo rights guaranteed them by the CBA. By reason of the malicious conduct of Local 518 and because this action is brought to preserve and extend the rights of all members of Local 518, Shoukry is entitled to an award of exemplary damages.

**WHEREFORE,** plaintiff, Joseph A. Shoukry, prays that this Court grant judgment to him containing the following relief:

As against Parsons:

1. An Order directing Parsons to reinstate Shoukry to his former position with full seniority, status, salary, increments, bonuses and benefits, to the same extent he would have received but for Parsons' unlawful conduct;

2. An award of Shoukry's actual damages for Parsons' breach of its contract with Local 518 to Shoukry's detriment, in an amount to be determined at trial, for and including, but not limited to, loss of wages, benefits, and promotional opportunities plus interest thereon;

3. An award of damages in an amount to be determined at trial to compensate plaintiff for mental anguish, humiliation, embarrassment and emotional injury proximately caused by Parsons;

4. An order enjoining Parsons from engaging in the future in the wrongful practices alleged herein;

5. An award of reasonable attorney's fees and the costs of this action; and

6. Such other and further relief as this Court finds just and proper.

As against Local 518:

1. An award of Shoukry's actual damages for breaching its duty to fairly represent Shoukry to Shoukry's detriment, in an amount to be determined at trial, for and including, but not limited to, his lost wages, benefits, and promotional opportunities plus interest thereon;

2. An award of damages in an amount to be determined at trial to compensate Shoukry for mental anguish, humiliation, embarrassment and emotional injury he suffered and proximately caused by Local 518's failure to fairly represent Shoukry to his detriment;

3. An award of exemplary and punitive damages;

4. An order enjoining Local 518 from engaging in the future in the wrongful practices alleged herein, including but not limited to, those wrongful practices intended to intimidate and coerce Shoukry and other members of the Local 518 so as to cause them to forego rights guaranteed to them by the CBA;

5. An award of reasonable attorney's fees and the costs of this action; and

6. Such other and further relief as this Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Joseph A. Shoukry, hereby demands a trial by jury in this action.

Dated: June 28, 2007

Respectfully submitted,

LAW OFFICE OF MARC A. RAPAPORT, ESQ.
Attorney for Plaintiff

By: _____
Marc A. Rapaport
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212)382-1600