

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

### LETTER OPINION
### NOT FOR PUBLICATION

June 23, 2008

Marc A. Rapaport
350 Fifth Avenue, Suite 4400
New York, NY 10118
    (*Attorney for Plaintiff*)

René M. Johnson
Nathan R. Mather
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540
    (*Attorneys for Defendants Parsons Corp.
    and Parsons Inspection & Maintenance Corporation*)

    **RE:**    **Shoukry v. Parsons Corporation, et al.
              Civ. No. 07-3094 (WJM)**

Dear Counsel:

    On July 3, 3007, Plaintiff Joseph A. Shoukry filed a two-count Complaint alleging (1) breach of a collective bargaining agreement by Parsons Corporation ("Parsons") and Parsons Inspection and Maintenance Corporation ("PIMC"), and (2) breach of the duty of fair representation by the New Jersey State Motor Vehicle Employees Union, Local No. 518, Service Employees International Union ("the Union").  Parsons subsequently moved for partial dismissal of the Complaint, arguing that it could not be held liable for breach of the collective bargaining agreement because it was not a signatory to the contract.

    In January 2008, Plaintiff moved for leave to amend his Complaint to add three causes of action for discrimination and to include additional factual allegations regarding Parsons' status as his employer.  Magistrate Judge Mark Falk granted Plaintiff's motion,

and the Amended Complaint was filed on February 14, 2008.  Parsons' partial motion to dismiss remains pending.

In recent correspondence, Plaintiff argues that the filing of the Amended Complaint rendered the partial motion to dismiss moot.  Parsons disagrees, and contends that even considering the more detailed factual allegations in the Amended Complaint, Plaintiff's breach of contract claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for the same reasons outlined in Parsons' pending motion.  This Court agrees that Parsons' motion to dismiss is not moot, and therefore proceeds to consider the arguments therein as applied to the Amended Complaint.  The Court adjudicates this matter on the papers.  Fed. R. Civ. P. 78.

**I.      Standard of Review**

In deciding a motion to dismiss under Rule 12, the Court must accept all allegations in the complaint as true and consider the allegations in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  On such a motion, the court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level.  *See id*. at 1965.  Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F. 3d 187, 211 (3d Cir. 2007).

**II.     Motion to Dismiss**

Parsons' motion to dismiss pertains only to Count I of the Amended Complaint.

2

Count I alleges that by terminating Plaintiff's employment without just cause, Parsons and PIMC breached the parties' collective bargaining agreement. Parsons argues that Count I must be dismissed insofar as it pertains to Parsons, because Parsons is not a signatory to the collective bargaining agreement and therefore cannot be liable for its breach.

On its face, the collective bargaining agreement, which is attached to the Amended Complaint as Exhibit B, is clearly a contract between PIMC and the Union. Parsons is a non-signatory. Nonetheless, the collective bargaining agreement may be enforced against Parsons if the Court finds (1) that Parsons and PIMC constitute a "single employer," or (2) that Parsons is an "alter ego" of PIMC. *See Stardyne, Inc. v. NLRB*, 41 F.3d 141, 144–45 (3d Cir. 1994).

### A. "Single Employer" Doctrine

Separate companies will be considered a single employer if, though the entities are nominally separate, they are actually part of a single integrated enterprise. *NLRB v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1122 (3d Cir. 1982), *cert. denied*, 479 U.S. 814 (1986). The Supreme Court, in *Radio & Television Broadcast Technicians Local Union 1264 v. Broadcast Service of Mobile, Inc.*, 380 U.S. 255, 256 (1965) (per curiam), established a four-factor test to determine single employer status. The test examines (1) functional integration of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership. While none of these factors is controlling, the NLRB stresses the first three, "with particular reference to whether there is centralized control of labor relations." *Browning-Ferris*, 691 F.2d at 1121 n.1 (quoting *Parklane Hosiery Co., Inc.*, 203 NLRB 597, 612 (1973)). "'Single employer' status ultimately depends on all the circumstances of the case and is characterized as an absence of an 'arm's length relationship found among unintegrated companies.'" *Id.* at 1122 (quoting *Local 627, Int'l Union of Operating Engineers v. NLRB*, 518 F.2d 1040, 1045–46 (1975)).

When two entities are found to be a single employer, one entity's collective bargaining agreement may be enforced against the non-signatory employer, but only if the two entities' employees also constitute a single appropriate bargaining unit. *Stardyne,* 41 F.3d at 144; *Lihli Fashions Corp. v. NLRB*, 80 F.3d 743, 747–48 (2d Cir. 1996). Thus, a finding of single employer status does not end the analysis.

Here, Plaintiff alleges (1) that Parsons and PIMC each have a place of business at 3100 Princeton Pike, Bldg. 2, in Lawrenceville, New Jersey (Am. Compl. ¶ 14); (2) that Parsons and PIMC share a centralized human resources department (*id.* ¶ 15); (3) that throughout Plaintiff's employment, his supervisors distributed workplace and personnel

policies on the letterhead of Parsons and PIMC (*id.* ¶ 16); and (4) that during Plaintiff's employment, he received various correspondence and documents, including W-2 Wage and Tax Statements and policy manuals, that identified his employer as Parsons (*id.* ¶ 22).[1] Assuming the truth of these allegations, and applying the test outlined in *Radio Union*, 380 U.S. at 256, the Court finds that while the facts alleged may establish some degree of integration in the operations of Parsons and PIMC, they fall far short of supporting a conclusion that the two separate companies are actually part of a single integrated enterprise. Moreover, there are no allegations regarding centralized control of labor relations. The minimal facts pleaded here are simply not adequate to establish that Parsons and PIMC should be treated as a single employer.

Even if the Amended Complaint provided a basis for a finding of single employer status, the collective bargaining agreement could not be enforced against Parsons unless it could also be determined that the employees of Parsons and PIMC constitute a single appropriate bargaining unit. *See Stardyne*, 41 F.3d at 144; *Lihli*, 80 F.3d at 747–48. Determining whether Parsons and PIMC employees constitute a single bargaining unit would require consideration of such factors as operational integration, geographic proximity, common supervision, similarity in job function and degree of employee interchange. *See Brown v. Sandimo Materials*, 250 F.3d 120, 128 n.2 (2d Cir. 2001). The Amended Complaint fails to plead sufficient facts from which the Court, applying these factors, could determine this issue in Plaintiff's favor.

For these reasons, the collective bargaining agreement cannot be enforced against Parsons pursuant to the single employer doctrine.

### B.     "Alter Ego" Doctrine

If two entities are found to be alter egos, a collective bargaining agreement covering one entity is automatically deemed to cover the other. *Stardyne*, 41 F.3d at 145. A typical alter ego case

> involve[s] a mere technical change in the structure or identity of the employing entity, frequently to avoid the effect of the labor laws, without any substantial change in its ownership or management. In these

---

[1] Plaintiff also alleges that the "operations and management" of Parsons and PIMC "are integrated such that the two entities constitute a 'single employer' as that term is defined under the statutes relevant to this case." (*Id.* ¶ 17.) However, this is precisely the type of legal conclusion disguised as a factual allegation which this Court is not compelled to accept as true in deciding a motion under Rule 12(b)(6). *See Baraka*, 481 F.3d at 211.

> circumstances the courts have had little difficulty holding that the successor is in reality the same employer and is subject to all the legal and contractual obligations of its predecessor.

*Howard Johnson Co. v. Detroit Local Joint Executive Bd. Hotel & Restaurant Employees*, 417 U.S. 249, 259 n.5 (1974).  The key factors in the alter ego analysis are "whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership."  *Goodman Piping Products, Inc. v. NLRB*, 741 F.2d 10, 11 (2d Cir. 1984).  *See also Stardyne*, 41 F.3d at 146.

Once again, taking the allegations in Plaintiff's complaint as true, the facts pleaded here are inadequate to establish that Parsons and PIMC should be treated as alter egos. Therefore, the collective bargaining agreement cannot be enforced against Parsons pursuant to the alter ego doctrine.

### III.    Conclusion

For the foregoing reasons, the Court concludes that the Amended Complaint provides no foundation upon which Parsons, as a non-signatory to the collective bargaining agreement, could be held liable for breach of that agreement as alleged in Count I.  Parsons' motion is **GRANTED**, and Count I of the Amended Complaint is **DISMISSED** as against Parsons Corporation.  An appropriate order accompanies this Letter Opinion.

   s/William J. Martini  
**William J. Martini, U.S.D.J.**